## M. L. WEEMS v. THE SHERIFF OF BRAZORIA COUNTY.

1. PRACTICE—PLEADING.—A motion against a sheriff, without mentioning his name, and designating him only as "the sheriff of Brazoria county," having for its object the correction of irregular proceedings under a judgment, by the sheriff of that county, cannot be entertained as an original proceeding, there being no proper party defendant.

2. PARTIES—APPEAL BOND.—In a motion filed as an original proceeding against one who, as sheriff, is alleged to have improperly sold land, under a judgment in favor of the party making the motion, and which seeks to correct the sheriff's deed, so that it shall convey a larger estate, the defendant in the original suit is a necessary party; and he is also a necessary party in the appeal bond, when the maker of the motion appeals from a judgment overruling the motion.

APPEAL from Brazoria. Tried below before Thomas G. Masterson, special judge.

The opinion states the character of the motion, except the

31

prayer, which was, that "the sheriff" be required to make a new deed conveying all the estate that Iles had in the land at the date of the mortgage.

*George W. Duff,* for appellant, cited Rorer on Judicial Sales, sec. 753, p. 261.

*A. S. Lathrop* and *E. J. Wilson, contra.*

GOULD, ASSOCIATE JUSTICE.—The record in this case commences with a motion against the sheriff of Brazoria county, without naming the person then filling that office, and without anywhere naming or indicating the individual made defendant, winds up with an appeal bond payable to "said sheriff." The motion alleges the recovery in the same court by Weems, in the case of Weems *v.* Goss, of a judgment subjecting to the payment thereof certain land, alleged to have been mortgaged by one Iles (since deceased) to Weems, and subsequently to have been conveyed to Goss; that said land was accordingly sold by J. W. Yerby, then sheriff of Brazoria, and bought in by Weems, to whom it is alleged that Yerby made a deed which, by mistake, recites that the sheriff levied on the land as the property of Goss, and sold all the right, title, and interest of Goss at the date of the levy, when in fact it is alleged the sale was made in obedience to said judgment or decree ordering the sale of all the right, title, and interest which the said Iles had in and to said land at the date of the execution of said mortgage. There was no answer to this motion, but on the hearing thereof it was overruled by the court, and thereupon Weems appealed. The record contains a statement of facts, embracing the judgment in the case of Weems *v.* Goss. That judgment contains no mention of Iles whatever, nor is there in the statement of facts, or in this record, anything to show that the facts were as stated in the motion. If the case were properly before us, the record fails to show that the court erred in refusing the motion.

But we are of opinion that the entire procedure is irregular, for want of a proper party defendant, and that for this reason, and for want of a proper appeal bond, the case must be dismissed. If the proceeding be regarded as a motion in the case of Weems *v.* Goss, then certainly Goss was a necessary party to the motion, and the appeal bond should have included him. We know of no precedent, or authority for entertaining the motion as an original proceeding against some unnamed and undesignated person, as sheriff.

The case is dismissed.

DISMISSED.