CHARLES BROCHES v. MARY A. CARROLL ET AL.

(March 19, 1880.)

HOMESTEAD.— Single man not entitled to; attachment lien.

APPEAL from Gonzales county. Opinion by QUINAN, J.

STATEMENT.— This was an action of trespass to try title, brought by appellant against C. C. Carroll and J. J. Humphries, for a tract of land containing seven hundred and sixteen acres. Pending the suit C. C. Carroll died, and Mary A. Carroll, claiming to be his widow, made herself party defendant to the suit. Humphries, in his answer, disclaims title and alleges that he was tenant for Carroll. Mrs. Carroll disclaims as to all the land except two hundred acres, which she sets out by metes and bounds, and claims as a homestead.

It appears from the evidence that on the 13th day of November, 1871, appellant filed a suit for debt against C. C. Carroll and sued out at the same time an attachment, which was on the same day levied on the land in controversy in this suit. That on the 14th day of May, 1872, a judgment was rendered in his favor against Carroll for $1,231.42, and

a decree ordering the tract of land to be sold to satisfy the judgment; that on the 3d day of December, 1872, the land was sold by the sheriff and bought in by appellant for $1,246.70, and sheriff's deed made to him. There was no controversy as to the regularity of any of these proceedings. It was also shown that C. C. Carroll left no children surviving him, and that he was insolvent. It was also shown that C. C. Carroll, who was then a single man, residing with his father, Jacob Carroll, left Texas in the spring of 1871 with a drove of four thousand five hundred beeves which he intended to sell in Kansas and return to Texas; that he had no other business in Kansas; that he sold his beeves in July, 1871, and received payment in money and bank checks payable about September 1, 1871, and that he received the money on them at that time; that he did not return to Texas; that in March, 1872, he married at Salt Lake City, in Utah, and returned to Kansas City in 1873, and he and his wife were floating between Denison, Sherman and other places until the spring of 1874, when they came to Gonzales county, where this land was situated, and moved a small tenement house on it and went into it, where they remained a month or two and then left it and remained away from it until Carroll died, after which Mrs. Carroll again moved upon the land. The only evidence offered to show that the land was a homestead was the testimony of Jacob Carroll that C. C. Carroll, before he went to Kansas, being then a single man, had contracted with him to build a house on the land, and had declared it to be his intention to make his homestead on it; that he heard C. C. Carroll was broke and took no steps to carry out the contract to build the house; that he received several letters from C. C. Carroll in relation to building the house, but never took any steps towards building the house. And also the evidence of Mrs. Mary A. Carroll that C. C. Carroll (her husband), in conversation with her, had declared it be his intention to return to Texas and make his homestead on this land as soon as he could settle up his business in Kansas City; that it was his and her intention

to move to Texas and make their homestead upon this land. A jury was waived and the cause submitted to the court, who gave a judgment for appellant for five hundred and sixteen acres of the land, and in favor of the appellee, Mary A. Carroll, for two hundred acres claimed as a homestead. There was a motion for a new trial, several exceptions to introduction of evidence by plaintiff, and plaintiff appealed to this court.

OPINION.— The errors assigned and relied on by the appellant in this case are that the judgment and findings are contrary to the law and evidence and that a new trial should have been granted.

The assignments are certainly indefinite, but they were filed before the adoption of the present rules, and we think there is such manifest error in the record as requires a reversal of the judgment.

1. On the 13th day of November, 1871, when the attachment on the land was levied, C. C. Carroll was a single man, had never been married, never had a family, and never lived upon this land. He therefore had no homestead upon the land sued for, and was not entitled to claim a homestead exemption thereon. Howard v. Marshall, 48 Tex., 481.

2. Appellant's title to the land dates back to the date of the levy of the attachment. His right to a judgment ordering the sale of the land which he recovered, and under which he purchased, was fixed by the seizure. He could not be divested of the right so acquired by any subsequent acts of Carroll and wife. It is unnecessary, therefore, to inquire whether they ever acquired a homestead upon the land, though we should have no hesitation in holding that under the proof they had acquired none at the time of appellant's purchase of the land. Baird v. Trice, 51 Tex., 557.

The judgment will be reversed and rendered for appellant for the land.