## J. H. SMITH v. BRIGGS-WEAVER MACHINERY COMPANY.

Decided December 10, 1910.

**1.—Pleading—Petition and Exhibit—Variance.**

In a suit by a corporation upon a verified account the petition alleged a cause of action against an individual, naming him, doing business under the firm name and style of a mercantile company; the verified account attached as an exhibit to the petition and made a part of it, evidenced an account against the mercantile company only. Held, the petition and exhibit were contradictory, and an exception to the petition raising the point should have been sustained.

**2.—Practice—Trial—Overruling Exception.**

When the court overrules an exception to the petition and evidence is admitted and the trial proceeds on the pleading as it stands, it is proper for the court to refuse an instruction to find for the excepting party after the evidence is all in; otherwise the court would practically rule on the pleading after the trial is concluded and deny the other party an opportunity to amend.

**3.—Pleading—Defunct Corporation—Liability of Officers.**

While the statute of 1907 (Gen. Laws, 1907, First Called Session, page 505), may render the directors and officers of a corporation, whose right to do busi-

ness has been forfeited for non-payment of its franchise tax, liable personally for debts thereafter ·incurred in the corporate name, still to have this effect the suit should be based on the statute and the facts should be specifically alleged. Such relief should not be granted in an ordinary suit against the corporation as an existing entity upon simple proof that the corporation is defunct.

**4.—Evidence—Records of Public Office.**

The records of the office of the Secretary of State are the best evidence of the facts shown by such records, and the depositions of the Secretary are not admissible for that purpose. Rule applied as to proof of the forfeiture of the right of a corporation to do business because of non-payment of its franchise tax.

Appeal from the County Court of Dallas County at Law. Tried below before Hon. W. M. Holland.

*M. L. Robertson* and *Wm. H. Clark*, for appellant.—The court erred in overruling defendant's special exception to plaintiff's petition, because it appeared from the verified account sued on that the goods were sold to and on credit given to, and the account charged against, the South-western Heating and Ventilating Company, while said J. H. Smith was sued as defendant herein personally. Rev. Stats., art. 1191; Freiberg v. Magale, 70 Texas, 116; Ralston v. Aultman, Miller & Co. (Texas), 26 S. W., 746; Weems v. Sheriff of Brazoria County, 48 Texas, 481; Hensley v. Degener (Texas), 25 S. W., 1130.

The court erred in refusing defendant's request for an instructed verdict in his behalf, because the uncontroverted evidence showed that the goods involved herein were sold and charged to the Southwestern Heating and Ventilating Company, a corporation, and not to the defendant, and that he was not liable therefor. Sayles' Rev. Stats., arts. 659, 675, 5243i and 5243j (Act of 1905), amended by the Act of 1907, and art. 680-1; The Oriental v. Barclay (Texas), 41 S. W., 117; Maloney Mdse. Co. v. Bank, 121 S. W., 889; El Paso v. Ruckman, 92 Texas, 86; American Salt Co. v. Heidenheimer, 80 Texas, 344, 347; Seymour Opera House Co. v. Wooldridge (Texas), 31 S. W., 234; Walton v. Riley (Ky.), 3 S. W., 605; Searcy v. Yarnell (Ark.), 1 S. W., 319; Snider Sons Co. v. Troy (Ala.), 8 So., 658, 24 Am. St. Rep., 887; Crump v. Mining Co. (Va.), 56 Am. Dec., 116.

*Burgess & Burgess* and *M. N. Chrestman*, for appellee.

BOOKHOUT, ASSOCIATE JUSTICE.—Appellee, Briggs-Weaver Machinery Company, filed this suit on February 17, 1909, in the County Court of Dallas County at Law, against appellant, J. H. Smith, to recover ·$715.02 upon account for merchandise alleged to have been sold to him. It is alleged: "That defendant, J. H. Smith, was on the dates hereinafter set out, doing business under the name and style of the Southwestern Heating and Ventilating Company, with its domicile and place of business in the city and county of Dallas, State of Texas." The prayer of the petition is against defendant, J. H. Smith. An itemized account is attached to said petition, referred to and made

a part thereof, and is in favor of Briggs-Weaver Machinery Company and against the Southwestern Heating and Ventilating Company. It is verified by appellee's vice-president as follows: "The above and foregoing account in favor of said corporation (the Briggs-Weaver Machinery Company) and against the Southwestern Heating and Ventilating Company, aggregating the sum of $715.02, is, within the knowledge of the affiant, just and true, and is now due, and that all lawful offsets, payments and credits have been allowed."

The defendant, J. H. Smith, answered specially, excepting to said petition because it appeared from the verified account attached thereto and made a part thereof that said merchandise was sold and charged to the Southwestern Heating and Ventilating Company, while the allegations of the petition were that the merchandise was sold and charged to J. H. Smith, a variance between said petition and said account, showing that the Southwestern Heating and Ventilating Company, and not J. H. Smith, should have been the defendant; a general denial; a denial of said account under oath stating that it was not just or true in whole or in part; that he had never purchased or had said goods charged to him; that he had never at any time conducted business in or under the name of the Southwestern Heating and Ventilating Company; that the Southwestern Heating and Ventilating Company was, at the time of the several purchases mentioned in plaintiff's said petition and verified account, a corporation duly incorporated and organized under the laws of the State of Texas, and that plaintiff sold and charged said merchandise to it, and not to defendant; that at the time of said sales, he, the defendant, was the manager of said corporation, the Southwestern Heating and Ventilating Company, but in nowise assumed or became personally liable or obligated for its account, or any part thereof.

The case was tried with a jury on September 28, 1909; and when the parties had introduced their evidence and closed, the court charged the jury as follows: "You are instructed to return a verdict in favor of plaintiff and against defendant for $715.02, with 6 per cent interest from January 1, 1909." The jury returned a verdict as instructed and the court rendered judgment in favor of the plaintiff and against the defendant, J. H. Smith, for $715.02, with 6 per cent interest thereon per annum from January 1, 1909, and for all costs of suit. Defendant's motion for new trial having been overruled he perfected an appeal.

Error is assigned to the court's action in overruling defendant's exception to the plaintiff's petition. The petition alleged a cause of action against J. H. Smith doing business as the Southwestern Heating and Ventilating Company. The exhibit attached to the petition and made a part of it evidences an account in favor of Briggs-Weaver Machinery Company against the Southwestern Heating and Ventilating Company, duly verified under the statute. The petition and exhibit are contradictory and the exception should have been sustained. Frieburg v. Magale, 70 Texas, 116; Ralston v. Aultman, Miller & Co. (Texas), 26

S. W., 746; Weems v. Sheriff of Brazoria County, 48 Texas, 481; Hensley v. Degener (Texas), 25 S. W., 1130.

We are of the opinion the court ought not to have given defendant's requested charge, instructing a verdict in his favor. Had defendant's special exception to the petition been sustained, then the plaintiff would have had the right to amend and set up other facts.

It was shown that there had been a forfeiture of the right of the Southwestern Heating and Ventilating Company to do business in the State, declared by the Secretary of State on July 2, 1909, because of its failure to pay its franchise tax due May 1, 1907, and an endorsement to that effect entered on the records of his office. Section 8, chapter 23, Laws of Thirtieth Legislature, First Called Session, provides: "Any corporation, either domestic or foreign, which shall fail to pay any franchise tax provided for in this Act when the same shall become due and payable under the provisions of this Act, shall thereupon become liable to a penalty of twenty-five per cent of the amount of such franchise tax due by such corporation; and if the amount of such tax and penalty be not paid in full on or before the 1st day of July, thereafter, such corporation shall for such default forfeit its right to do business in this State, which forfeiture shall be consummated without judicial ascertainment by the Secretary of State entering upon the margin of the record kept in his office relating to such corporation, the words 'Right to do business forfeited,' and the date of such forfeiture; and any corporation whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any other courts of this State, except in a suit to forfeit the charter of such corporation; and in any suit against such corporation on a cause of action arising before such forfeiture no affirmative relief shall be granted to such corporation unless its right to do business in this State shall be revived as provided by this Act. And each and every director and officer of any corporation whose right to do business within this State shall be so forfeited, shall, as to any and all debts of such corporation which may be created or incurred with his knowledge, approval and consent within this State after such forfeiture, by any such directors or officers, and before the revival of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such directors and officers of such corporation were partners."

It is argued that this statute creates a cause of action, and that the suit was brought to recover on the cause of action given by the statute. A sufficient answer to this contention is that the suit is not based on the statute and the petition does not allege a cause of action within the statute. If plaintiff desired to recover on a cause of action created by the statute it should have specifically plead the facts which show a cause of action under the statute.

Again, error is assigned that the court erred in admitting in evidence the testimony of W. R. Townsend, Secretary of State, to the effect that the records of the office of Secretary of State showed that the right

to do business by the Southwestern Heating and Ventilating Company was forfeited July 2, 1907. The propositions presented are: (1) The contents of the records of the Secretary of State and of all public officers of this State can not be shown by the deposition of the officer to whose office it belongs, and said testimony should have been excluded; (2) said testimony of the witness was secondary, hearsay, and not the best evidence thereof, and was not admissible over defendant's objection. The deposition of the Secretary of State was not admissible to prove a matter of fact shown by the records of his office. Copies of the records are the best evidence. Stafford v. King, 30 Texas, 259; Bass v. Mitchell, 22 Texas, 285. The evidence of Townsend not only stated what the records of his office showed, but went further and gave a copy of the records showing the forfeiture, which was sworn to. This was sufficient.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*