## JOHNSON v. BALLARD et al.

### No. 10316.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 15, 1937.

Osce Fristoe, of Harlingen, for appellant.

Myrick & Johnson, of Harlingen, for appellees.

SLATTON, Justice.

C. S. Ballard and L. W. Wilson filed a motion in cause No. 13402, in the 103d district court of Cameron county, against R. H. Johnson, constable of precinct No. 6, and his surety, alleging that on the 5th day of February, 1937, Spencer-Sauer Lumber Company, as plaintiff, recovered judgment against C. S. Ballard, and L. W. Wilson in the same cause recovered a judgment against Ballard, and in said judgment a lien was foreclosed on real estate; that the lien of Wilson was first, to the extent of $1,000, and the lien of Spencer-Sauer Lumber Company was second, for the sum of $3,410.90; that on the 8th day of March, 1937, an order of sale was issued out of said court, and R. H. Johnson, constable, after advertising, on the 6th day of April, 1937, sold said real estate to the Spencer-Sauer Lumber Company for $4,800, which sum had been paid to the constable, and the constable executed a deed 'to said lumber company conveying such real estate; that said constable, instead of applying the proceeds as required by the judgment and order of sale, falsely reported that said property was sold to the lumber company for $4,800, less certain items amounting to $1,280.01; that said sum of $1,280.01 was misapplied as follows: (1) Paid to Spencer-Sauer Lumber Company $271.28, claimed to have been paid as costs; (2) paid to Spencer-Sauer Lumber Company $477.11, claimed to have been paid as taxes; (3) paid to Spencer-Sauer Lumber Company $397.52, claimed to have been paid for repairs on said property; (4) paid to Spencer-Sauer Lumber Company $134.10, insurance, which was claimed to have been paid for insurance covering such property; that none of the items were included in the judgment or order of sale; and that said sums should have been credited on the Spencer-Sauer Lumber Company and L. W. Wilson judgment. They prayed, on final hearing, for a judgment against R. H. Johnson and his surety in the sum of $1,280.01, with interest and costs, and damages at the rate of 5 per cent. per month, and in the alternative that R. H. Johnson be required to amend his return on said order of sale, and the moneys collected by him be turned into court as required by said judgment and order of sale.

The Spencer-Sauer Lumber Company was not made a party to the motion filed. R. H. Johnson and his surety answered by general and special demurrer and general denial, and specially pleaded as true the return made by the constable on said order of sale.

The trial court heard evidence thereon at the March term of the court, and at a subsequent term of court, to wit, on the 28th

day of July, 1937, rendered judgment requiring the constable to amend his return in practically all respects, as prayed for by Ballard and Wilson. R. H. Johnson and his surety have appealed.

Our jurisdiction to entertain this appeal has not been questioned. By their first propositions appellants say that, the trial court having heard the evidence at the March term of the court, and having reserved action thereon to a subsequent term of court, without an order extending the term of court, such judgment is void. In our opinion it will not be necessary for us to determine whether this is such a cause as would come within the rule asserted by the appellants. This is so for the reason that the relief granted appellees by the trial court involved matters determined in a judgment which had theretofore been rendered by the trial court, and at the time of the filing of this motion was upon appeal to this court. It is true that in the cause appealed there was not filed a supersedeas bond, and therefore the clerk of the trial court was authorized by law to issue an order of sale thereon.

It is our opinion that, in order for the trial court to require the constable to amend a return upon an execution, that before the trial court could properly dispose of the matters involved, all parties interested in the judgment out of which the order of sale was issued should be before the court. Here the Spencer-Sauer Lumber Company was a party to the original judgment, and was vitally interested in the amendment of the return made by the constable to the order of sale. We are of the opinion that, before the trial court could have effectually required the constable to amend his return upon the order of sale, it was necessary that all interested parties be before the court. In the early case of M. L. Weems v. Sheriff of Brazoria County, 48 Tex. 481, our Supreme Court, speaking through Associate Justice Gould, say: "But we are of opinion that the entire procedure is irregular, for want of a proper party defendant, and that for this reason, and for want of a proper appeal bond, the case must be dismissed. If the proceeding be regarded as a motion in the case of Weems v. Goss, then certainly Goss was a necessary party to the motion, and the appeal bond should have included him."

Construing the relief granted by the trial court in compelling the constable to amend the return, the above-cited case, we think, is ample authority to show that it was necessary for the trial court to have before it the Spencer-Sauer Lumber Company, the plaintiff in the judgment upon which the order of sale was issued. If we construe this action as a true cause of action against the constable and his surety, which contests the right to receive funds in the hands of the constable, which were collected by him in his official capacity in the execution of an order of sale, then, too, the Spencer-Sauer Lumber Company was an indispensable party.

In the case of Needham v. Cooney, Tex. Civ.App., 173 S.W. 979, 986, writ refused, there was a controversy over funds which were collected by the sheriff in his official capacity. In disposing of a like question as before us the court say: "Necessary or indispensable parties includes all persons whose interests will necessarily be affected by any decree that may be rendered. * * * Van Deren, et al., therefore, had such an interest in this portion of the subject-matter of the litigation between Cooney and the sheriff as would make them indispensable parties. * * * And a court should not enter a decree when it is apparent that it cannot definitely settle the rights of the parties or make a final disposition of the subject of the litigation. * * * When a necessary and indispensable party is omitted, the court will itself raise the objection, and should refuse to proceed to judgment until the defect is cured. * * * The principle upon which the rule is based underlies the administration of justice, and is that no proceedings shall take place with respect to the rights of any one without affording him an opportunity to be heard."

Here the Spencer-Sauer Lumber Company was a purchaser of the property at a judicial sale, and had deposited with the clerk of the court the sum of $1,000, to be held by the court until the result of its appeal had been determined. The trial court, in the judgment before us, commanded the constable to make a return, among other things, "that said bid be credited with $1,000.00 deposited with the clerk of this Court, to be applied on the judgment of L. W. Wilson, and secured by a first lien on the property herein described." And, again, the trial court demanded the constable to amend his return, among other things, as follows: "That the balance of said bid of $4,800.00 now the sum of $25.56, and due on the judgment of L. W. Wilson and se-

cured by a third lien on said property, is still due by Spencer-Sauer Lumber Company, and unpaid."

It is clear, we think, that the Spencer-Sauer Lumber Company is an indispensable party before any effectual judgment may be rendered by the trial court which materially amends the return as made by the constable, R. M. Johnson, and that such error is fundamental and apparent upon the face of the record.

The judgment of the trial court is therefore reversed and remanded for another trial.