G. T. COPELAND, Jr., et al., Appellants,

v.

G. W. HUNT, Jr., Appellee.

No. 429.

Court of Civil Appeals of Texas.

Corpus Christi.

Oct. 31, 1968.

Rehearing Denied Nov. 21, 1968.

Harry J. Schulz, Three Rivers, for appellants.

Thomas & Stewart, by Vaughan O. Stewart and Wiley Thomas, Angleton, for appellee.

## OPINION

NYE, Justice.

This is a suit on a sworn account tried before the court without the intervention of a jury. The plaintiffs sued the Harbor Company, Inc. and G. W. Hunt, Jr. The corporation filed no answer and plaintiffs took a default judgment against the corporation after the court granted a severance of their suit against G. W. Hunt, Jr., the other defendant. Hunt had filed an unsworn general denial. When the case was called for trial all parties announced ready. At the conclusion of the trial and after all of the evidence was in, the trial court rendered judgment for defendant Hunt. Plaintiffs have perfected their appeal to this court contending basically that the trial court erred in allowing Hunt to interpose any defense to plaintiffs' suit on a sworn account since the defendant failed to file a denial of the account under oath.

Plaintiffs' suit alleged that on various dates (shown by the itemized, verified statement of account marked Exhibit A and attached to their petition,) they had performed certain labor and services for the defendants in connection with the reworking operations on a certain oil and gas lease in Goliad County, Texas. Plaintiffs alleged that the sum of $8757.54 is due and owing and that the defendants have failed and refused to pay any part thereof to plaintiffs' damage. Plaintiffs asked for attorney fees and judgment against defendants and for alternative relief. Plaintiffs attached to their petition an affidavit that the alleged claim was just and true and that all lawful offsets, payments and credits had been allowed. Also attached to this petition was plaintiffs' account marked "Exhibit A" covering eight legal size sheets of paper. Each sheet was called "invoices" which was addressed at the top: "Sold to: Harbor, Inc.". G. W. Hunt, Jr. was named as a party defendant in plaintiffs' petition. The affidavit attached to the petition by one of the plaintiffs states that the account alleged in the petition against the Harbor Company, Inc. and G. W. Hunt, Jr., defendants, is within the knowledge of affiant, just and true, etc. Defendant Hunt was properly served with citation, appeared and answered. His name does not, however, appear at any place in Exhibit A, representing the invoices of the account. Plaintiffs contend that Rule 185 controls the disposition of this case. The rule states that:

" * * * the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that such claim is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust; provided, that when such counter-affidavit shall be filed on the day of the trial the party asserting such verified claim shall have the right to postpone such cause for a reasonable time. When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be. * * * "

After the plaintiffs had introduced their petition and account into evidence they

rested their case. Over plaintiffs' objection defendant Hunt took the stand and testified in defense to the account. It is plaintiffs' contention that after they had introduced their petition and the account into evidence, they were entitled to judgment as a matter of law, and that the trial court erred in permitting any testimony to be introduced to the effect that Hunt did not owe the account. The trial court filed findings of fact to the effect that defendant Hunt individually never ordered any supplies or services from the plaintiffs; that plaintiffs at no time furnished any services to the defendant Hunt individually; and the trial court concluded that since Exhibit A was at a variance with plaintiffs' petition and that there was no evidence that defendant Hunt ever ordered any services or supplies from the plaintiffs in any manner, plaintiffs are not entitled to prevail in their suit against Hunt.

The question before us then, is, whether or not the trial court erred in permitting any of this evidence to be introduced by Hunt in defense of the sworn account, since he failed to file a denial under oath as provided by Rule 185, Texas Rules of Civil Procedure.

An open account sworn to in accordance with Rule 185 [1] when introduced in evidence makes a prima facie case that is sufficient to support a judgment if the defendant has not denied the justness of such account under oath in a manner prescribed by the rule. A prima facie case is of course, that which is made by sufficient proof of the necessary facts which will support a judgment and it will stand until it is overcome by other evidence. It is one on which a party can recover if no evidence is offered to the contrary. A suit on a sworn account under this rule of civil procedure, presupposes a contract or a series of contracts that is performed by one party as plaintiff who sues the other party, as defendant, for performance of his obligations. The rule

which makes a verified account prima facie evidence unless a written denial under oath is filed, does not apply to or cover transactions between third parties or parties who were strangers to the transaction. Robertson v. Rexall Drug & Chemical Co., 410 S.W.2d 200 (Tex.Civ.App.—Ft. Worth 1966). It is said that such accounts, though verified, are hearsay as to strangers, who may controvert and disprove the account without having filed a written denial under oath. 1 Tex.Jur.2d, § 71, Accounts and Accounting, p. 322, and cases cited therein.

Rule 185 [1] which specifies the circumstances under which a suit or defense may be rested upon a sworn account, is appropriately classified as a rule of evidence. In the absence of a sworn denial, the account is received as prima facie evidence as against a defendant sued thereon, and the defendant may not dispute the receipt of the items therein or the correctness of the stated prices. However, the failure to deny the account under oath does not deprive the defendant of the right to defend the suit on other grounds. McDonald Texas Civil Practice, § 7.31 at pp. 666–667.

The plaintiffs' account was directed to defendant corporation. Nowhere does the attached account name the defendant Hunt. Although plaintiffs' suit is against G. W. Hunt, Jr. and the corporation and although the petition is supported by the affidavit of one of the plaintiffs who swears that both defendants owe the account, it was still incumbent upon the plaintiffs in order to make out a prima facie case, which will support a judgment, to introduce the account into evidence. When the plaintiffs did introduce the account into evidence they made out a prima facie case but only against the defendant corporation and not as to defendant Hunt. Where an obligation alleged in the pleading does not conform to the writing exhibited as the basis thereof, the document rath-

1. T.R.C.P.

er than the pleading, controls. 45 Tex.Jur. 2d, Pleadings, § 16, p. 387, and the authorities cited therein. Although the record indicates that the plaintiffs tried to connect defendant Hunt to the account, the trial court ruled that Hunt did not owe the account.

In the case of Nichols v. Acers Company, 415 S.W.2d 683 (Tex.Civ.App.—Austin 1967, ref. n. r. e.), the plaintiff there made the same contentions as the plaintiffs make in our court. There the plaintiff contended that since its suit was based on a sworn account, the account stood admitted by the defendant at the outset of trial because the defendant failed to deny the claim under oath. The Austin Court held that this theory of recovery under a sworn account fails. Citing McCamant v. Batsell, 59 Tex. 363 (1883). The effect of the Austin Court's holding as applied to the parties in our case would be that inasmuch as Hunt was a stranger (as far as the sworn account was concerned) to the transaction between plaintiffs and Harbor Company, Inc., Hunt was free to controvert and disprove the account upon which plaintiffs sued, although Hunt did not file a written denial under oath. We agree with this holding. The plaintiff did not connect Hunt's liability for the account to satisfaction of the trial court. We have read all the cases cited by plaintiffs and all are distinguishable or are not controlling.

We hold that the trial court did not err in permitting the introduction of evidence by defendant Hunt that he did not owe the account. Eng v. Wheeler, 302 S.W.2d 263 (Tex.Civ.App.—San Antonio 1957, wr. dism.); Hood v. Robertson, 33 S.W.2d 882 (Tex.Civ.App.—Amarillo 1930); Smith v. Briggs-Weaver Machinery Co., 63 Tex. Civ.App. 285, 132 S.W. 954 (1910). The evidence is sufficient to substantiate the trial court's findings. Appellants' points are overruled.

Judgment of the trial court is affirmed.