**VALLEY STEEL PRODUCTS CO., Appellant,**

v.

**Warren HOWELL, Appellee.**

No. 01-87-00774-CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 20, 1989.

Francine Jackson Barton, Freedman & Hull, P.C., Houston, for appellant.

Brent C. Gamble, Andrew G. Shebay III, P.C., Houston, for appellee.

Before WARREN, COHEN and O'CONNOR, JJ.

O'CONNOR, Justice.

Valley Steel Products Co. sued Warren Howell to recover on a guaranty agreement on a sworn account. After a non-jury trial, the court entered two judgments, the first for Valley Steel, and the second for Howell. The only issue on appeal is whether there was evidence that the products were delivered to Howell Energy.

In a suit on a guaranty agreement, the plaintiff must prove the terms of the underlying account. At trial, the burden was on Valley Steel to prove:

(1) sale and delivery of the merchandise; and

(2) that the amount of the account is just, or, in other words, that the prices charged are in accord with agreement or, in the absence of agreement, that they are usual, customary or reasonable.

*Opryshek v. McKesson & Robbins, Inc.,* 367 S.W.2d 357, 358 (Tex.Civ.App.—Dallas 1963, no writ).

Valley Steel supplied steel to Howell Energy Supply, Inc. Howell, as president of Howell Energy, signed a personal guaranty giving Valley Steel the right to proceed against him if Howell Energy did not pay its debt. After Howell Energy went into bankruptcy, Valley Steel sued Howell on the guaranty in a suit on a sworn account. Howell filed a sworn denial. The case was tried to the court.

In a short, one-day trial, only two witnesses testified: Valley Steel introduced the testimony of Harold Mabry, a vice-president of the company, and Howell offered his own testimony. Valley Steel also introduced the statements of account and the supporting invoices. The documents were addressed to Howell Energy; none were addressed to Howell. The statement of account listed Howell Energy's customer number as 38906220001; the invoices did not list a customer number but instead listed "Warren" (Howell's first name). Each invoice had a date in the "date shipped" block, indicating the date Valley Steel shipped the goods to Howell Energy.

At the close of the evidence, the trial court indicated it was going to render judgment for Valley Steel. On May 14, 1987, the trial court signed the judgment for Valley Steel for $15,885.56 on the account, and $3,585 in attorney's fees, interest, and costs of court.

Within a couple of weeks, Howell filed a motion to vacate and modify the judgment.

He also filed the statement of facts from the trial. In the motion, Howell alleged the record supported his claim that Valley Steel did not produce *any* evidence that the prices were reasonable or that Valley Steel delivered the goods.[1] At a hearing on June 4, 1987, the trial court entered a judgment for Howell stating his motion was "well taken and it should be and it is hereby granted."

To decide what standard we use to review this judgment, we must decide if the trial court was acting as a fact finder or was ruling as a matter of law when it rendered the second judgment. The distinction is an important one.

If we treat this case as if the trial court entered judgment considering all the evidence, Valley Steel must challenge the judgment with the same points of error it would use to challenge an adverse jury finding on which it had the burden of proof. Those two challenges are: (1) Valley Steel proved delivery by the great weight and preponderance of the evidence to support delivery; and (2) the evidence proves as a matter of law that the goods were delivered. Both are difficult burdens to carry.

If, however, we treat the second judgment as if the court rendered the equivalent of a judgment notwithstanding the verdict (because the court decided there was no evidence to support an element of the cause of action), Valley Steel's burden is less difficult. The only challenge on appeal is: Was there more than a scintilla of evidence on the issue of delivery?

At first blush, the second judgment seems similar to judgments in non-jury cases rendered for defendant at the end of the plaintiff's case. The supreme court recently held in such a case that the appellate court must presume the trial court ruled on the sufficiency of the evidence. *Qantel Business Sys. v. Custom Controls,* 761 S.W.2d 302, 305 (Tex.1988).

---

1. At oral argument before this Court, Howell's attorney agreed that he conceded the prices were reasonable in his answers to admissions. The only issue that remains on appeal is whether there was evidence of delivery.

The trial court, however, rendered the second judgment because there was not "any" evidence of delivery. That is the language a trial court uses to enter a judgment notwithstanding the verdict when it decides a jury answer has no evidence to support it.

We find a better analogy in the review of a trial court's authority to grant a new trial. The trial court rendered the second judgment within the time it still had plenary power over its judgment. During that period, the trial court has the power to change or alter its judgment for any reason. During this time, the trial court also has the power to grant a new trial. In both instances, the trial court has broad discretion, and its acts are treated with great deference on appeal.

In deciding whether to grant a new trial, the trial court has broad discretion and need not specify the reason for granting a new trial in its order. When, however, it states a prohibited reason for granting a new trial, the appellate courts assume the court granted it on the prohibited ground, and reverse.

In *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 918 (Tex.1985), for example, the trial court granted a motion for new trial by adopting the reasons in the motion for new trial. On mandamus, relator asked the supreme court to reverse because the ground in the motion was improper. The supreme court agreed with relator that the ground stated in the motion was improper and would generally compel reversal. The court held, however, because the motion also asked for a new trial on the general ground of "in the interest of justice and fairness," the court would assume the trial court granted new trial for a proper reason. *Johnson v. Fourth Court*, 700 S.W.2d at 918.

In this case, the trial court specifically adopted the motion to vacate the judgment. In that motion, Howell argued that:

Plaintiff did not produce *any evidence* that the goods represented by its account were in fact *delivered.*

[Emphasis added.] We must, therefore, assume the trial court intended to do what it said it did. According to the judgment, the trial court entered the second judgment for Howell because there was no evidence to support its initial conclusion that the goods were delivered.

If the trial court had merely entered a second judgment without stating the reason, we would make the *Qantel* presumption and review the record as if the trial court rendered the judgment considering all the evidence, pro and con. We cannot, however, ignore the trial court's language in its judgment.

We have searched the judgment and the motion on which the judgment was granted and can find no general language to support a conclusion the court acted within its fact-finding capacity. *See Champion v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex.1989). We must, therefore, presume the trial court granted the judgment because there was no evidence of delivery.

We, therefore, review the record as if the trial court ruled that Valley Steel did not introduce *any* evidence of delivery. Because no findings of fact are before this Court, the judgment implies all necessary findings of fact to support it.[2] *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex. 1988) (per curiam).

In its sole point of error, Valley Steel contends the trial court erred in vacating the judgment because the evidence was sufficient to prove the account underlying the guaranty agreement. Valley Steel argues that the evidence supports the finding that the goods were delivered. The following represents all of the direct and indirect testimony on delivery:

Q. Mr. Mabrey, was any objection ever made to the goods that were sold and delivered to Howell Energy Supply, Incorporated?

---

**2.** Valley Steel asked the trial court to make findings of fact and conclusions of law. Howell filed proposed findings of fact, and sent a copy to Valley Steel. The findings were not signed by the trial court. Valley Steel did not file a second motion asking the trial court to sign the proposed findings.

A. No.

\* \* \* \* \* \*

Q. [To Mr. Howell] Did Howell Energy do business with Valley Steel Products?

A. Yes, sir, we did.

■ This evidence proves that Howell Energy did business with Valley Steel and that Howell Energy did not object to whatever goods were delivered to it. This evidence does not establish that all the goods listed in the invoices were delivered to Howell Energy.

Valley Steel notes that Howell did not object to any evidence on the ground that Howell Energy did not receive the goods. This does not relieve Valley Steel of its burden to prove all elements of its cause of action.

Valley Steel contends the invoices introduced into evidence prove delivery because they note the "date shipped." In support of this argument, Valley Steel cites *Copeland v. Hunt*, 434 S.W.2d 156 (Tex.Civ. App.—Corpus Christi 1968, no writ). We do not find *Copeland* persuasive. The *Copeland* decision answers a question not posed here: Can a defendant who did not file a sworn denial, introduce evidence that controverts a suit on a sworn account?[3] That was not an issue in this case.

Valley Steel also cites *University Sav. & Loan Ass'n v. Security Lumber Co.*, 423 S.W.2d 287 (Tex.1967), to support its claim that the invoices supply evidence that the goods were delivered. In *University Savings*, the court held the invoices and delivery tickets proved delivery. *Id.* at 290. The testimony in *University Savings* was that the truck drivers took delivery tickets with them on their rounds and returned the delivery tickets to plaintiff's office after the goods were delivered. *Id.* at 291. Valley Steel did not introduce any delivery tickets or any equivalent evidence.

■ We reviewed the invoices and other documents to see if they proved that any of the goods were delivered. One document, a credit statement, shows that Howell En-

ergy returned $325.60 of a $7,573.60 order of "20 24 JTS 9⅝" OD T & C" on invoice number 3–1221. That invoice was one of the invoices on which this suit was brought. We hold the documents regarding invoice number 3–1221 prove that Valley Steel shipped, and Howell Energy, received at least $7,247.56 worth of goods.

Because this evidence amounts to more than a scintilla that some of the goods described in the invoices were delivered, we sustain Valley Steel's point of error and remand the case for a new trial.

---

3. Yes, the court said, if the defendant is not named on the invoices supporting the suit on a sworn account. *Copeland*, 434 S.W.2d at 158.