**THOMAS v. JOHNSON et al.**

No. 11744.

Court of Civil Appeals of Texas. Galveston.

Nov. 15, 1945.

Dick Young and Bernard A. Golding, both of Houston, for appellant.

Simpson & Eastham, of Houston, for appellee.

MONTIETH, Chief Justice.

This action was brought by Shirley Mason Johnson and others in the County Court of Harris County to probate the alleged last will of Mrs. Ruth G. Mason, deceased. Appellant, Kenneth W. Thomas, contested the application on the grounds that the testatrix, his mother, did not have testamentary capacity and that the will was a forgery. The County Court admitted such instrument to probate and appellant perfected an appeal to the District Court.

In a trial before a jury in the district court a verdict was returned in which it was affirmatively found that Mrs. Ruth G. Mason had the requisite testamentary capacity at the time she executed said will and that her signature thereto was genuine. On this verdict judgment was rendered admitting the will to probate.

Appellant's sole point for reversal on appeal is that the trial court erred in overruling his motion for a new trial based on alleged newly discovered evidence of a witness, Mrs. Belle Calvert.

The affidavits of Mrs. Belle Calvert, one of the alleged witnesses to the execution of said will, Stanley Beard, Richard R. Cole, Dick Young and Bernard A. Golding were attached to appellant's amended motion for a new trial.

In his amended motion for a new trial appellant alleged that he did not know the whereabouts of Mrs. Belle Calvert at the time of the trials in either the probate or the district courts, and that he sought a new trial in order that he might procure and offer Mrs. Calvert's testimony to contra-

dict the testimony of Mrs. J. B. Tigner, the other subscribing witness to said will, that Mrs. Mason had first signed the will and that the attesting witnesses had then signed it. Mrs. Calvert, in her affidavit, stated, in substance, that she and Mrs. Tigner had first signed the will as attesting witnesses and that thereupon Mrs. Mason had signed it.

On a hearing on said motion Dick Young, one of the appellant's attorneys, admitted that he had checked the Houston Telephone directory during the trial in the district court and had found Mrs. Belle Calvert listed therein at an address on Alameda Road in Houston, where she had been in business for approximately two years. He stated that he had attempted to communicate with her during the trial but had failed to reach her.

After a full hearing on the facts on which the amended motion for a new trial was based, at which hearing each side was allowed a wide latitude in the introduction of evidence, the motion was overruled by the trial court. No finding of facts adduced on the hearing was made by the trial court.

■ It is the established rule in this state that motions for a new trial on grounds of newly discovered evidence are addressed to the sound discretion of the trial court, which will not be disturbed unless it appears that there has been an abuse of this discretion. McCall v. Texas Dragline Service Co., Tex.Civ.App., 188 S.W.2d 243; Snow v. Harding, Tex.Civ.App., 180 S.W. 2d 965; Blaugrund v. Gish, Tex.Civ.App., 179 S.W.2d 257, affirmed 142 Tex. 379, 179 S.W.2d 266.

In 31 Texas Jurisprudence, pages 90, 91 and 92, it is said: "One of the commonest grounds on which new trials are applied for is newly discovered evidence, but applications based on this ground are not favored. 'Such motions', says the Supreme Court, 'are received with careful scrutiny, and are held to address themselves very much to the discretion of the court; and where the court has refused an application made upon this ground the appellate court will not reverse, unless it shall appear that the court below has not exercised its discretion according to the established rules of law'.

■ "When an application is made for a new trial on the ground of newly discovered evidence, it is necessary that the applicant show that knowledge of the existence of the new evidence was acquired subsequent to the former trial, and that it was not due to want of diligence that said evidence was not discovered and obtained in time to be used when the case was tried; that the new evidence was material and not merely cumulative and that, if admitted, it would probably change the results upon another trial. The burden is upon the movant to establish each of these facts, and, if he does, a new trial should be awarded as a matter of right and a refusal thereof constitutes reversible error."

"Nothing is better settled in the law of new trials than the rule that the granting or refusing of a new trial for newly discovered evidence rests within the sound discretion of the trial court, and that, unless such discretion has been abused, the court's ruling will not be disturbed on appeal."

■ Further, it is to be presumed on appeal that the general order of the trial court overruling the motion for new trial was based on any ground that the record justifies and that the court found all the relevant fact issues against appellant, including that touching the exercise of due intelligence, if there was sufficient support in the evidence therefor. Galveston, H. & S. A. R. Co. v. Waldo, Tex.Civ.App., 77 S.W.2d 326 and authorities there cited; Texas Emp. Ins. Ass'n v. Moser, Tex.Civ. App., 152 S.W.2d 390.

■ In this case the trial court arrived at his decision after a thorough hearing of the facts, including the affidavits submitted by appellant. Under the facts in the record, we cannot say that the trial court abused his discretion in refusing appellant's motion for a new trial on the submitted ground of newly discovered evidence.

The judgment of the trial court will be in all things affirmed.

Affirmed.