## DOLLIE ADAMS OIL CORP. v. ROBERTS.

### No. 6310.

Court of Civil Appeals of Texas. Amarillo.

June 1, 1953.

McWhorter, Howard, Cobb & Johnson, Lubbock, for appellant.

Allison & Allison, Levelland (Tom Steele, Levelland, of counsel), for appellee.

MARTIN, Justice.

Appellee, Marvin C. Roberts, sued the appellant, Dollie Adams Oil Corporation, on a sworn account for alleged services rendered appellant in regard to certain oil wells. Appellee's petition was drawn under Rule 185, Texas Rules of Civil Procedure, detailing the procedure as to suit on sworn account. However the sworn account referred to as "Exhibit A" in appellee's first amended petition is not attached to such pleading as revealed by the transcript on appeal. In reply to appellee's verified pleading that his account was just and true and that the same was past due and that all just and lawful offsets, credits and payments had been allowed, appellant filed its verified answer alleging that the account in issue "is wholly not just and true and that it owes nothing by reason thereof, in that all accounts due the plaintiff by the defendant, have been paid in full".

It is appellee's contention that appellant's allegation that the account as sued upon is wholly not just and true in that all accounts due the plaintiff by the defendant have been paid in full is not within the provisions of Rule 185, supra, and therefore appellant's verified denial is not sufficient to destroy the probative effect of appellee's sworn account constituting prima facie evidence of the indebtedness due. Appellant relies on the sufficiency of its verified denial of appellee's sworn account. Its first three points of error assert there is no proof in the record to support appellee's cause of action on the sworn account. On this issue appellee concedes that if appellant's sworn denial is sufficient to destroy the probative force of the verified account and thereby place him upon proof as to his debt, the evidence in the record does not support his claim.

The phraseology in Rule 185 defining the requirements of a sworn denial is the same as in Article 3736, Vernon's Annotated Texas Civil Statutes, the source of Rule 185. In Word v. J. E. Earnest & Co., Tex. Civ.App., 129 S.W.2d 833, 836, second case, Syl. 5, 6, is found the following ruling, " * * * the defendant specially denied under oath the correctness of plaintiff's sworn account, and plead certain payments

**312**

and offsets, giving the date and amount of each, aggregating $1,240.59. The effect of defendant's verified answer was to destroy the probative force of the verified account attached to the petition and put plaintiff upon proof of its claim." The cause just cited was reversed by the Commission of Appeals in 137 Tex. 16, 152 S.W.2d 325, 326, but under Syl. 1–3 we find the following ruling by that court: "We are in agreement with the Court of Civil Appeals that the effect of defendant's verified denial of the correctness of plaintiff's sworn account was to destroy the probative force of the itemized account attached to the petition and put plaintiff upon proof of its claim." Although these two decisions were adjudicated under the provisions of Article 3736, supra, the ruling of the Commission of Appeals on this issue is cited and followed in Davis v. Gilmore, Tex.Civ.App., 244 S.W. 2d 671, writ refused. Davis v. Gilmore is a direct ruling under the provisions of Rule 185, Texas Rules of Civil Procedure. Another case directly in point on the issue raised by appellee is Moore v. McKinney, Tex.Civ.App., 151 S.W.2d 255, 258, Syls. 4, 5. In this cause the court, ruling upon a verified denial similar to the one here in issue, defined the rule governing such pleading in the following language: "We do not think it was necessary, in order to destroy the prima facie effect of the sworn account, that it should have been denied in haec verba; necessarily, if paid in full, it was no longer a just account, and unjust thereafter to sue the defendant upon it."

■ Under the citations hereinabove detailed, it necessarily appears that appellant's allegation in its sworn denial that all accounts due the plaintiff had been paid in full did not deprive such denial of the effect of putting appellee on proof of his sworn account. Since appellee concedes in his brief that this proof was not made, and the record substantiates such fact, appellant's first, second, and third points of error are sustained.

■ In view of a retrial of the case, appellee's sworn account should be attached to his pleading and the proof should show that the services were actually rendered the appellant corporation. Also, the court's charge should not assume any element of proof required to substantiate the cause of action. Since appellant's first three points of error are sustained, no further ruling is required as to its fourth and fifth points of error presented here.

The judgment of the trial court is reversed and the cause is remanded.