**DAVIS BUMPER TO BUMPER, INCORPORATED, Appellant,**

v.

**C. O. ROBERTS, Appellee.**

No. 6878.

Court of Civil Appeals of Texas.

Amarillo.

Sept. 28, 1959.

Rehearing Denied Oct. 26, 1959.

Herbert C. Martin, Amarillo, for appellant.

Jack C. Hazlewood, Amarillo, for appellee.

CHAPMAN, Justice.

Appellant, Davis Bumper to Bumper, Incorporated, instituted this suit against appellee, C. O. Roberts and his son, Gordon Roberts, upon a sworn account for $1354.67. Gordon Roberts made default in the court below and is not before this court. The transcript before us shows appellee made the following sworn denial:

"Defendant admits the items dated July 13 which items were purchased by defendant C. O. Roberts. All other items in the account are not just and are not true, in whole or in part, in that all of such other items were purchased by Gordon Roberts for Gordon Roberts' own use and benefit and only Gordon Roberts became obligated to pay therefor."

Appellant made a motion for judgment on the pleadings, which was overruled. Following a trial before a jury appellee made a motion for instructed verdict. The trial court instructed a verdict against Gordon Roberts for the full amount sued for, together with attorneys' fees in the amount of $150, and against C. O. Roberts for the items shown in the sworn verified account dated July 13, items C. O. Roberts admitted he purchased for himself, signed for himself and for which he owed appellant. The record shows the items of said date were 4 nylon tires for his personal automobile. He vehemently denied in his testimony that he purchased any other item. No other item shown by appellant's verified account was signed for by appellee.

■ Appellant briefs and argues his first two points together. They assert error in the failure of the trial court to grant its motion for judgment on the pleadings, "because there was no sworn denial stating that the items of the plaintiffs' sworn account were not just or true, in whole or in part," and "there was no sworn plea denying that Gordon Roberts was the agent of C. O. Roberts in accepting delivery of the items of the sworn account."

Rule 185, Texas Rules of Civil Procedure provides in part that an action such as appellant filed here shall be taken as prima facie evidence "unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that *such claim is not just or true, in whole or in part,* and if in part only, stating the ·items and particulars which are unjust." (Emphasis added.)

As may be seen from that part of the denial above quoted appellee admitted liability on one specific item and denied under oath that any of the other items were just or true in whole or in part. Further, he stated the items and particulars which were unjust by saying, "all of such other items were purchased by Gordon Roberts for Gordon Roberts' own use and benefit and only Gordon Roberts became obligated to pay therefor."

Though not completely similar to the case at bar we believe the cases of Hood v. Robertson, Tex.Civ.App., 33 S.W.2d 882 and Dollie Adams Oil Corporation v. Roberts, 259 S.W.2d 311, by this court, furnish ample authorities for us to say the sworn denial was sufficient to put appellant upon proof of his sworn account and to join issue on whether the claim was just or true in whole or in part. The cases cited by appellant on its first point are not reliable authorities in the case at bar because they involve instances where no sworn denials were filed. Neither is the case of Cohen v. Vogt, Tex.Civ.App., 211 S.W.2d 762 authority for its contention that C. O. Roberts should have denied under oath that Gordon Roberts was his agent in accepting delivery of the items of the sworn account. In the Cohen case agency was specially pleaded and a request for admission of agency made, while in our case there are no such allegations or requests in the transcript. Accordingly, appellant's points one and two are overruled.

■ Appellant's point three asserts error of the trial court in not rendering judg-

ment on the pleadings because "The defendant, C. O. Roberts, admitted that Gordon Roberts was his agent in the purchase of items of plaintiffs sworn account." Judged by the oral argument presented to our court the basis for this point apparently lies in the following situation: As appellee's original sworn denial was originally filed it read, "Defendant admits the items dated June 13 which items were purchased for defendant by defendant Gordon Roberts!"

The two items were pleaded in appellant's sworn account as follows:

```
"June    *  *  *  *  *  *  *  *  *
     13 S2571
         4   1000x20 HP Tubes    33.08
         1   760x15 Full Caps    10.96
                                 _____
                                  44.04

         Signed by G. Roberts"

"July 13  *  *  *  *  *  *  *  *  *
     13 S20725
         4   760x15 SA TBL
             white Nylon Tires   126.48

         Signed by C. O. Roberts"
```

The record shows that before announcement for trial the court and appellant's counsel were advised that the wrong item was admitted and consent was obtained by the court and opposing counsel to amend his pleading by interlineation in such a way as to admit the July 13 item rather than the June 13 item. Counsel for appellant insists that both he and the court gave only permission to change the pleading as to that part of the items showing the date and merchandise but not that part showing by whom the respective items were signed. Thus he contends the denial as amended showed the July 13 merchandise admittedly bought for C. O. Roberts was bought by Gordon Roberts, making him the agent for appellee in that purchase and therefore making appellee liable for all other items purchased by his "agent."

It is obvious that the trial court considered, when he granted permission for the trial amendment, that such permission included the entire item, including the name C. O. Roberts. As shown above that was the manner in which it was pleaded by appellant. This certainly was the reasonable construction to place on such permission because appellant's own pleadings showed Gordon Roberts signed the June 13 item and that C. O. Roberts signed only for the July 13 items, which the record shows conclusively was a purchase by him personally of four tires for his own automobile. We believe point 3 is without merit and that the denial as amended nowhere admitted that Gordon Roberts made the July 13 purchase. Such holding conforms to appellant's verified claim in its pleadings.

■ Appellant's point 4 urges error of the court for instructing a verdict against it and for appellee for the balance due on the account over and above the amount of the account appellee admitted "because the pleadings and proof reveal that C. O. Roberts was liable for the sworn account which was the basis for plaintiff's suit."

What we have already said disposes of the assertion that the pleadings reveal that C. O. Roberts was liable for any items of the account other than the tires purchased for his personal car on July 13. Let us now consider the testimony. The statement of facts shows from the beginning of the testimony that counsel for appellant started assuming in his questions to the witnesses, including appellee, that he, appellee, owned the business and was operating it in his son's name.

"Q. Well, you were running it in your son's name, weren't you? A. No.

"Q. Didn't have anything to do with the operation at all? A. Not in the operation.

*  *  *  *  *  *

"Q. You have divided and quit operating together, haven't you? A. We didn't operate together.

*  *  *  *  *  *

"Q. And you formed the Roberts Trucking Company or something of that sort, a corporation didn't you? A. Yes, sir.

"Q. And you took over this entire operation, didn't you, out at Vega? A. I didn't take over anything.

"Q. Well, the corporation took it over then. A. No."

Appellant's counsel in questioning its own witness and employee, Rod Hale, asked him:

"Q. Now, did you handle the actual delivery of these supplies out to Roberts,—father and son, C. O. Roberts and Gordon Roberts. A. Most of it, yes.

"Q. Did you handle the sales? A. I handled the sales end of it; I didn't deliver it.

"Q. Who was that property sold to in this account? A. Gordon Roberts."

The following is an example of the testimony on which appellee bases its contention that C. O. Roberts was liable on the full account:

"Q. Now, since you and your son have split up—and, you and your son have split up the business haven't you? A. I don't know whether you called it split or not.

"Q. You have divided and quit operating together, haven't you? A. We didn't operate together.

"Q. And, you have nothing further to do with him, then? A. I am not using him now."

Appellant takes the position that when C. O. Roberts said "I am not using him now," he was saying "I did use him then."

The following is another example:

"Q. Now, isn't it a fact that you put every bit of your business in Gordon Roberts' name so you could draw your old age pension, or something? A. No, that wasn't the purpose.

"Q. And, have you been drawing an old age pension? A. Yes, but that wasn't the purpose of doing that."

By this testimony appellant urges that appellee was admitting that he put the business in Gordon Roberts' name. The following is another example:

"Q. Now, you don't use Gordon's name since it has been incorporated, do you? A. No."

By this testimony appellant urges the word "no" was proof that C. O. Roberts did use Gordon Roberts' before appellee incorporated his own trucking business.

It would extend this opinion to unnecessary length to quote further testimony but that just quoted furnishes a fair cross-section of the record showing appellant's effort to prove appellee liable for the entire account. When the entire record is studied as a whole we do not find any testimony of probative force to show liability on the part of appellee for any of the account except that admitted by him. The record is replete with testimony that the only connection appellee had with the business was as bookkeeper for his son and that the only items he purchased were the four tires for his personal car for which he signed on July 13, for which he admitted liability, and for which the court rendered judgment against him. Throughout the testimony he categorically denied any other connection with the business. There is not any testimony of probative force from any other source to the contrary.

■ Additionally, we believe the effect of appellee's verified denial of the correctness of appellant's sworn account destroys the probative force of the itemized account attached to the petition so far as C. O. Roberts was concerned and put appellant upon proof of its claim. J. E. Earnest &

Co. v. Word, Tex.Com.App., 137 Tex. 16, 152 S.W.2d 325 (adopted by Supreme Court); Davis v. Gilmore, Tex.Civ.App., 244 S.W.2d 671; Dollie Adams Oil Corp. v. Roberts, Tex.Civ.App., 259 S.W.2d 311. This proof it did not make.

Appellant's fifth point urges error of the trial court in refusing its motion for newly discovered evidence based upon an affidavit made by Gordon Roberts. In its written order refusing such motion the trial court said:

"1. The evidence referred to in plaintiff's motion for new trial as newly discovered evidence, was not newly discovered evidence but was available to the plaintiff before the trial of this case on August 28, 1958, and was known to the plaintiff prior to that time.

2. The plaintiff did not exercise diligence in attempting to secure the testimony of Gordon Roberts and Charles Harris prior to the trial of the case on August 28.

3. There was no evidence introduced in the aforementioned hearing upon plaintiff's motion for new trial tending to support the allegations of fact made in the motion for new trial."

The record also shows an affidavit by the same Gordon Roberts in which he stated in effect that prior to the trial he related the statements to appellant's counsel set out in its motion for new trial for newly discovered evidence and that said counsel told him it was not necessary for him to be present at the trial.

■ This court has held that, "When a party is seeking a new trial on the grounds of newly discovered evidence the burden of proof is upon him to show the alleged evidence has been discovered since the former trial, that the same could not by the exercise of reasonable diligence have been discovered before the trial * * *." Carnes v. Kay, Tex.Civ.App., 210 S.W.2d 882, 885. See also Brinker v. McDonald, Tex.Civ.App., 115 S.W.2d 1185; Griffith v. Gohlman, Lester & Co., Tex.Civ.App., 253 S.W. 591; City of Mesquite v. Scyene Investment Co., Tex.Civ.App., 295 S.W.2d 276; Buckner Orphans Home v. Maben, Tex.Civ.App., 252 S.W.2d 726; Jacobi v. Texas State Board of Medical Examiners, Tex.Civ.App., 308 S.W.2d 261. There is not any question in the record but that the testimony relied on in appellant's motion here under consideration was within the knowledge of appellant's attorney before the trial and hence was not "newly discovered" evidence within the meaning of that term.

■ It is also settled law that the question of granting a new trial on the grounds of newly discovered evidence is addressed to the sound discretion of the trial court and its rulings on such question will not be disturbed by an appellate court unless an abuse of discretion is clearly shown. Carnes v. Kay, supra; Buckner Orphans Home v. Maben, supra; Griffith v. Gohlman, Lester & Co., supra; Jacobi v. Texas State Board of Medical Examiners, supra; Brinker v. McDonald, Tex.Civ.App., 115 S.W.2d 1185; Kountze v. Tucker, Tex.Civ. App., 103 S.W.2d 828; Thomas v. Johnson, Tex.Civ.App., 190 S.W.2d 849. We find no such abuse clearly shown.

Additionally, no admissible competent evidence was introduced showing the existence of the newly discovered evidence relied on such as to comply with the requirements set out in the Jacobi case above cited.

Under the situation presented in this motion for a new trial on the grounds of newly discovered evidence we do not feel justified in saying the trial court abused its discretion. Point five is accordingly overruled and the judgment of the trial court is in all things affirmed.