**CAL–TEX BEEF PROCESSORS, INC., Appellant,**

v.

**FROZEN FOOD EXPRESS, INC., Appellee.**

No. 5482.

Court of Civil Appeals of Texas, Waco.

Nov. 6, 1975.

Rehearing Denied Dec. 4, 1975.

Jack Hazlewood, Amarillo, for appellant.

Robinson, Fotheringham & Simpson, Amarillo, for appellee.

## OPINION

JAMES, Justice.

This is a sworn account case. Plaintiff-Appellee Frozen Food Express, Inc., brought this suit in the nature of a sworn account under Rule 185, Texas Rules of Civil Procedure, against Defendant-Appellant Cal-Tex Beef Processors, Inc. "d/b/a Trim'd Rite Meat, and d/b/a Food Industries, and d/b/a Cal-Tex Warehouse"; for two freight bills totalling $1926.00 plus reasonable attorney's fees under Article 2226, Vernon's Texas Civil Statutes. The Defendant-Appellant Cal-Tex answered by filing a sworn denial. After trial before the court without a jury, the trial court awarded judgment for Plaintiff-Appellee Frozen Food Express, Inc., as prayed for against Defendant-Appellant Cal-Tex Beef Processors, Inc., in the amount of $1926.00 plus interest to date of judgment, together with attorney's fees through the trial court of $647.60 with the further provision for attorney's fees in amount of $770.40 if the cause should be appealed. From this judgment Defendant-Appellant Cal-Tex appeals. We reverse and remand.

■ Defendant-Appellant Cal-Tex contends that since it filed a sworn denial to Plaintiff-Appellee's sworn account, that Defendant had thereby placed in issue the justness and correctness of Plaintiff's claim as to each and every item therein, as provided by Rule 185. We sustain this contention.

Attached to Plaintiff's petition is an affidavit of one H. J. Everett to the effect that "the annexed account _____ is _____ just and true, and that it is due and that all just and lawful offsets, pay-

ments and credits have been allowed." Also attached is a statement shown to be issued from Plaintiff-Appellee Frozen Food Express, Inc., addressed to "Food Industries, Trim'd Rite Meat, c/o Cal-Tex Beef Processors, Amarillo, Texas," which statement is dated December 5, 1974, showing a list consisting of two freight bills dated November 30, 1973, and December 26, 1973, respectively, totalling $1926.00. Then attached in addition thereto are the two freight bills referred to on the statement above-described. On one freight bill the shipper is shown to be "Food Industries," and on the other the shipper is shown to be "Trim'd Rite Meat." Defendant-Appellant Cal-Tex is not shown on either freight bill.

As stated, Defendant-Appellant Cal-Tex filed a sworn denial which recited, "The claim alleged in Plaintiff's petition which is the foundation of Plaintiff's action is *wholly not just or true.*" (Emphasis supplied). Following this was the affidavit wherein the affiant made oath that the above pleading was "in every respect true and correct."

The trial court permitted Plaintiff to introduce Plaintiff's petition and attached sworn account into evidence, and based upon same and without further proof, awarded Plaintiff judgment thereupon, in the face of Defendant's sworn denial. This was error.

Rule 185, as pertinent to this cause provides: "When any action . . . is founded upon an open account . . . including any claim for a liquidated money demand . . . founded on business dealings between the parties . . . and is supported by the affidavit of the party, his agent or attorney . . . to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, *unless the party resisting such claim shall . . . file a written denial, under oath, stating that each and every item is not just or true . . . .*" (Emphasis supplied).

We hold that Defendant-Appellant's sworn denial constitutes a sufficient compliance with Rule 185 to put in issue Plaintiff-Appellee's sworn account, because it unequivocally and unambiguously states in effect "that each and every item is not just or true." See Vol. 2, McDonald, *Texas Civil Practice* ; par. 7.31, pages 238, 241.

The filing by Defendant-Appellant of his counter affidavit denying the justice of the sworn account has the effect of neutralizing the Plaintiff's Affidavit; the Plaintiff's account stands as though it had not been verified, and its character as prima facie evidence is destroyed. The burden then rests on Plaintiff to prove his case as at common law. *J. E. Earnest & Co. v. Ward* (Comm.App.1941) 137 Tex. 16, 152 S.W.2d 325, opinion adopted. Also see 1 Tex.Jur.2d, "Accounts and Accounting," paragraph 82, p. 329.

Because of the error of the trial court in awarding Plaintiff judgment based solely upon the sworn account being offered in evidence, we reverse the cause and remand same to the trial court for retrial on the merits.

In view of a retrial of the case, we think it pertinent to discuss another point of error asserted by Defendant-Appellant, to wit, that Defendant Cal-Tex is a Texas Corporation chartered in April 1974, and that all the transactions alleged by Plaintiff in the sworn account occurred in November and December 1973. In other words, Defendant-Appellant Cal-Tex argues that it was not even in existence when the freight bills in question were incurred, and therefore the alleged transactions could not possibly have been between Plaintiff and Defendant. In effect Cal-Tex is saying that it was a stranger to the transactions in question, and therefore the Plaintiff's verified account is hearsay as to Cal-Tex.

The trial court did not permit the Defendant-Appellant to prove these matters in avoidance in the cause itself, but permitted Defendant to show these matters by way of a bill of exception.

It has been held that in cases wherein the Defendant is a stranger to the transactions that are the foundation of a sworn account, that such Defendant may controvert and disprove the account sued upon, even in the absence of a sworn denial. *Nichols v. Acers Co.* (Austin C.A. 1967) 415 S.W.2d 683, error refused NRE; *Copeland v. Hunt* (Corpus Christi C.A. 1968) 434 S.W.2d 156, error refused NRE. Also see *McCamant v. Batsell* (1883) 59 Tex. 363, for the reasoning behind such rule.

To the contrary, there is authority for the proposition that proof of such matters in avoidance are required to be based upon a sworn denial. *Collins v. Kent-Coffey Mfg. Co.* (Eastland C.A. 1964) 380 S.W.2d 59, writ refused.

However, this conflict of authority is not material in the case at bar, because the Defendant-Appellant filed a sworn denial. In any event, under this record Defendant-Appellant Cal-Tex was entitled to prove its matters in avoidance, and the trial court's exclusion of this evidence was error.

Defendant-Appellant further contends there was no evidence to support the trial court's finding of fact declaring reasonable attorney's fees. We overrule this contention. This case was tried before the court without a jury. Article 2226, Vernon's Texas Civil Statutes contains the following language: "The amount prescribed in the current State Bar Minimum Fee Schedule shall be prim evidence of reasonable attorney's fees. The court, in non-jury cases, may take judicial knowledge of such schedule and of the contents of the case file in determining the amount of attorney's fees without the necessity of hearing further evidence."

In the case at bar, Plaintiff-Appellee requested the trial court to take judicial knowledge of the State Bar Minimum Fee Schedule, which the court did without objection from Defendant-Appellant. The trial court's findings concerning reasonable attorney's fees were within the range pre-

scribed in said Schedule. Appellant's point is overruled. See *Coward v. Gateway National Bank of Beaumont* (Tex.1975) 525 S.W.2d 857.

For the reasons hereinabove stated, we reverse the cause and remand same to the trial court for retrial on the merits.

Reversed and remanded.