Horace W. HILL, Appellant,

v.

FLOATING DECKS OF AMERICA, INC., d/b/a Floating Decks of Texas, Appellee.

No. 16162.

Court of Civil Appeals of Texas, San Antonio.

Oct. 17, 1979.

John D. Wennermark, John W. Primomo, Rizik & Wennermark, San Antonio, for appellant.

· Mallory L. Miller, Jr., San Antonio, for appellee.

## OPINION

CADENA, Chief Justice.

This is a suit on a sworn account under Rule 185 of Texas Rules of Civil Procedure. Defendant, Horace W. Hill, appeals from a summary judgment in favor of plaintiff, Floating Decks of America, Inc., d/b/a Floating Decks of Texas.

The sole question before us is whether the pleading of defendant is sufficient to put plaintiff on proof of its claim.

Rule 185 provides that where plaintiff's properly verified pleadings seek recovery on an account, the allegations in plaintiff's petition shall be taken as true unless defendant files a "written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true." Rule 93(k) contains identical language concerning the content of the sworn denial. *Compare* Tex.R.Civ.P. 185 *with* Tex.R.Civ.P. 93(k).

The relevant portion of defendant's answer in this case is as follows:

Defendant would show the Court that each and every item *in Plaintiff's petition which is the foundation of plaintiff's action* is not just or true. (Emphasis added.)

The summary judgment is based partly on the theory that defendant's answer does not comply with the requirements of the rules because of the insertion, between the words "item" and "is not," of the words "in Plaintiff's petition which is the foundation of Plaintiff's action." The argument is that the addition of such language, which is not found in the rules, requires that defendant's pleading be held insufficient.

In *Goodman v. Art Reproductions Corporation*, 502 S.W.2d 592, 593 (Tex.Civ.App.— Dallas 1973, writ ref'd n. r. e.), the Court said:

Several Courts of Civil Appeals have held that Rule 185 as amended must be

strictly followed, that the "failure to file such an answer is fatal," and that the courts "have been extremely exacting in the nature of the language used in sworn denials of verified accounts."

Such a statement is undoubtedly true, and, perhaps surprisingly, our intermediate appellate courts have experienced no difficulty in requiring that the denial be "in the language stated in Rule 185," while proclaiming that the rule requires "no particular form of affidavit." *McDonald v. Newlywed's, Inc.*, 483 S.W.2d 334, 337 (Tex.Civ. App.—Texarkana 1972, writ ref'd n. r. e.); *Duncan v. Butterowe, Inc.*, 474 S.W.2d 619, 620 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ).

The decisions which insist on a word-for-word parroting of the statutory language lead to results which can be explained only by adopting a principle which ignores what is said and concentrates solely on how it is said. There is no other explanation for the holdings, such as in *Sigler v. Frost Brothers, Inc.*, 555 S.W.2d 813, 816 (Tex.Civ.App.—El Paso 1977, no writ), that a defendant who wishes to challenge only a portion of the account falls fatally short of his goal if he swears that the specified items "are not just *or* true," because the rules require that a partial denial state that the specified items "are not just *and* true." Except for the cavalier insistence on a literal repetition of the formula embodied in the rules, no defensible argument can be presented in support of such holdings.

A valiant attempt to justify the *Sigler* result was made in *Oliver Bass Lumber*

*Company, Inc. v. Kay and Harris Butane Gas Company, Inc.*, 524 S.W.2d 600, 603 (Tex.Civ.App.—Tyler 1975, no writ), where the Court sought to support its holding by analyzing the language of the rules. The argument may be summarized as follows: (1) ordinarily, "and" and "or" are not interchangeable, i. e., "and" is conjunctive, meaning "also" and "in addition to," while "or" is disjunctive; (2) the words "just" and "true," while sometimes synonymous, may have different meanings, i. e., "just" can mean "fair," and "true" can mean "correct"; (3) unless we assume that the drafters of the rules used two words with identical meaning side by side, it is clear that the intention was to require that a defendant challenging only a portion of the account deny both the "justness" and the "truth" of the specified items. Apparently, the court did not notice that the draftsmen, in specifying the form of a challenge to every item in the account, engaged in redundancy by using the word "each" and the word "every" side by side.

The *Oliver Bass* rationale is intriguing because it not only fails to support the holding in the case, but rather compels the contrary conclusion that a partial challenge asserting that specified items are not just *or* true unequivocally meets the requirement that the partial challenge deny both the justness and the truth of the specified items. A statement that the specified items are not just *and* true does not unequivocally assert the absence of both justness and truth.[1]

---

1. The incorrect conclusion in *Oliver Bass* results from a failure to recognize the difference between affirmative and negative statements. To say that an item is just *and* true clearly asserts that the item is both just and also true. The statement that an item *is not* just *and* true unequivocally asserts only that the item does not possess both characteristics. Such negative statement is correct if the item possesses only one of the characteristics, or if it possesses neither of the two characteristics. Therefore, it does not unambiguously assert the lack of justness and, in addition, the lack of truth.

A statement that an item is just or true categorically asserts that the item possesses at least one of the characteristics. In the absence of the phrase, "but not both," or language of similar import, such statement is not an unequivocal assertion that only one of the attributes is present, unless the attributes are mutually exclusive. A statement that an item *is not* just *or* true unambiguously asserts the absence of both justness and truth, and, therefore, denies both the justness and the truth of the specified item.

The fact that the rules state a challenge of the entire account should assert that each and every item is not just *or* true, while a challenge limited to particular items must allege that the specified items are not just *and* true presents some interesting problems if we accept the *Oliver Bass* approach, which stresses that "and" and "or" are not interchangeable, and

Another failure of a court to give effect to the plain meaning of the language used is found in *Duncan v. Butterowe, Inc., supra*, where defendant denied that the verified account "is just or true, in whole or in part." 474 S.W.2d at 620. Since the pleading did not specify any particular items challenged by defendant, the court correctly held that the plea was not effective as a partial denial. But the conclusion that the plea was insufficient as a challenge of "each and every item" cannot be defended. It can be, perhaps, reasonably argued that a denial that an account is just or true "in whole" does not preclude the possibility that some of the individual items are true and just. But no such contention can be seriously advanced when defendant denies that the account is just or true "in whole or in part."

The insistence on a verbatim repetition of the incantation provided for in the rules would necessarily lead to a holding that a sworn pleading stating, "Each item is unjust and untrue," is insufficient to permit defendant to question any part of the account because the plea omits the phrase "and every" and uses words not found in the rule. Certainly, a defendant who merely swore that he owed nothing because he had paid the account in full would meet with the same fate.

In the absence of a controlling decision by the Supreme Court of Texas requiring that we adopt a rule leading to such strange results, we choose to emphasize what the pleading asserts rather than the manner in which the assertion is made. Fortunately, there is authority supporting this approach and rejecting the technical insistence on form, which was the hallmark of the old common law courts when dealing with the common law forms of action. In *J. E. Earnest & Co. v. Word*, 137 Tex. 16, 18, 152 S.W.2d 325, 326 (1941), defendant's plea was held sufficient although it denied the "correctness" of the account rather than its justness or truth.[2]

In *Dollie Adams Oil Corp. v. Roberts*, 259 S.W.2d 311, 312 (Tex.Civ.App.—Amarillo 1953, no writ), the verified answer stated that the account "is wholly not just and true and that it [defendant] owes nothing . . . , in that all accounts due the plaintiff by the defendant, have been paid in full." At the time of this decision, Rule 185 provided that the denial state that the "account is not just or true, in whole or in part . . . ." Tex.R.Civ.P. 185 (1941). Although the pleading used the word "wholly" instead of the phrase "in whole"; omitted the phrase "or in part"; used the conjunctive "just and true," instead of "just or true"; and contained language alleging payment of the account which stated that defendant owed nothing, the court in *Roberts* held the plea sufficient. 259 S.W.2d at 312. Necessarily, the Amarillo court was of the opinion that neither the deviant language nor the addition of words not found in the rule rendered the plea ineffective. *Id.* at 312.

After the present wording of Rule 185 was adopted by amendment in 1971 to provide that a denial of the entire claim state that "each and every item is not just or true," the Waco Court of Civil Appeals held sufficient a denial which stated: "The claim alleged in Plaintiff's petition which is the foundation of Plaintiff's action is wholly not just or true." *Cal-Tex Processors v. Frozen Food Express*, 530 S.W.2d 143, 144 (Tex.Civ.App.—Waco 1975, writ ref'd n.r.e.).

that "just" and "true" are not used in the rule as synonyms.

**2.** At the time *Word* was decided, actions on sworn accounts were governed by the statutory forerunner of Rule 185. The statute provided that defendant's plea state "that such account is not just or true, in whole or in part, and if in part only, stating the items and particulars which are unjust." Tex.Rev.Civ.Stat.Ann. art. 3736 (1931). Although this differs from the present language of Rule 185, there is nothing in the present provisions of the rule which supports the conclusion that the exact language of the formula must be used. It is interesting to note that Article 3736, while requiring that the plea state that the account "is not just or true, in whole or in part," required that a partial denial point out only "the item or items which are unjust." Apparently, the legislature believed that a statement that an item is "unjust" is equivalent to a statement it is "not just or true."

The explanation for the holding was the simple statement that the pleading "unequivocally and unambiguously states in effect 'that each and every item is not just or true'." 530 S.W.2d at 145. The use of language referring to the "claim in Plaintiff's original petition which is the foundation of Plaintiff's cause of action," although a departure from the formula embodied in the rules, did not blind judicial sight to the plain meaning of the allegation.

Plaintiff argues that *Cal-Tex* is not controlling here because defendant's plea in the instant case referred to "each and every item in Plaintiff's petition," while in *Cal-Tex* the answer referred to the "claim" in plaintiff's petition. It is not easy to understand how substitution of the word "claim" for the language "each and every item," which is found in the rules, is a more literal compliance with the provisions of the rules than the actual use of "each and every item." If we eliminate the reference to plaintiff's petition, the plea in *Cal-Tex* would state that "the claim is wholly not just or true," while in the case at bar defendant asserted, "each and every item is not just or true." *See Cal-Tex Processors v. Frozen Food Express*, 530 S.W.2d 143, 144 (Tex.Civ.App.—Waco 1975, writ ref'd n. r. e.). Except for the reference to plaintiff's petition, defendant's plea in this case is a *haec verba* repetition of the statutory formula. The same cannot be said of the plea in *Cal-Tex*.

The reference to "each and every item" in plaintiff's petition is clearly a challenge of "each and every item" of the account. The itemized and verified account attached to plaintiff's petition is clearly a part of the petition. Additionally, plaintiff's pleading alleges the sale and delivery "to Defendant" of "the goods, wares, merchandise and labor and services (hereafter referred to as 'items') described in the itemized and verified account attached." There can be no doubt that a reference to each and every "item" in plaintiff's petition is, according to plaintiff's pleading and definition, a reference to the "items" which make up the attached verified account. At the very least, defendant's pleading unambiguously

stated that each and every one of those "items" was not just or true. No more is required. *See* 2 R. McDonald, Texas Civil Practice § 7.31(f), at 240 (rev. 1970).

Plaintiff next argues that summary judgment was proper on the pleadings because defendant's denial was not properly verified as required by Rule 185 and Rule 93(k).

The verification is as follows:

Before me, the undersigned authority, on this day personally appeared Horace W. Hill, known to me to be the person whose name is subscribed hereto, who, being by me first duly sworn, on his oath stated that all matters and allegations set out herein are true and correct.

This is followed by the signature of defendant and the certificate of the notary.

Plaintiff first contends that the affidavit is insufficient because it does not assert that the affiant has personal knowledge of the facts to which he purports to swear.

It is well settled that affidavits in support of, or in opposition to a motion for summary judgment must state that they are made on personal knowledge. However, such decisions are based on judicial interpretation of Rule 166–A(e), which requires that the affidavit be made on personal knowledge, set forth such facts as would be admissible in evidence, and "show affirmatively that the affiant is competent to testify to the matters stated therein." In *Youngstown Sheet and Tube Company v. Penn*, 363 S.W.2d 230, 233 (Tex.1962), the holding that the affidavits must contain such recital was immediately preceded by a reference to the provisions of Rule 166–A(e). Although the statement in *Youngstown* that "hearsay may not be made the basis of a summary judgment, and the trial judge should not be required to speculate as to whether the affiant could establish the facts stated in his affidavit if he were testifying from the witness stand," would indicate that the recital of personal knowledge was required only in the affidavit of the movant for summary judgment, 363 S.W.2d at 233; the provisions on which the decision was based are applicable to all affidavits in

summary judgment proceedings, since the provisions prescribing the contents of the affidavits are not limited to those filed in support of the motion. *See* 4 R. McDonald, Texas Civil Practice § 17.26.5, at 144 (rev. 1971).

Rule 185 contains no language applicable to all affidavits, such as that found in Rule 166–A. Rule 185 requires that the affidavit of the *plaintiff* seeking to recover on an account state that the claim "is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed . . . ." Tex.R.Civ.P. 185. The portion of the rule applicable to defendant's pleading contains no such language concerning the contents of defendant's affidavit. The only provision relating to the content of the opposing sworn denial is that it state "each and every item is not just or true, or that some specified item or items are not just and true."

Although plaintiff insists that the provisions concerning plaintiff's affidavit must be made applicable to defendant's pleading, it is clear that plaintiff's position is limited to the statement, required to be included in plaintiff's affidavit, concerning the personal knowledge of the affiant. The other requirements applicable to plaintiff's pleadings cannot be made applicable to defendant's sworn denial. There is no basis for such selective incorporation of one portion of the rules expressly made applicable to plaintiff into that portion of the rule prescribing the contents of defendant's pleading. The rule clearly contains two sets of provisions, one applicable to plaintiff and one applicable to defendant.

Plaintiff calls our attention to *Edinburg Meat Products Company v. Vernon Company*, 535 S.W.2d 432, 436–37 (Tex.Civ.App.—Corpus Christi 1976, no writ), where the court, without citation of supporting authority, ruled that affidavits signed by defendant's agent and by his attorney did not meet the requirements of Rule 185 because of the absence of a statement of the affiant's personal knowledge.

■ We recognize that there may be instances in which the facts which are made the subject matter of the affidavit may be peculiarly within the knowledge of the client. In such cases it is reasonable to require that the attorney or agent making the affidavit state that he has personal knowledge of the facts. But no such requirement should be imposed, in the absence of a statute requiring a recital of personal knowledge, where the facts are of such a nature that they may be reasonably considered to be within the personal knowledge of the affiant, whether the affiant be the party to the suit or his attorney or agent. *Doll v. Mundine*, 84 Tex. 315, 318, 19 S.W. 394, 395 (1892).

■ There are at least two decisions by intermediate appellate courts holding, contrary to *Edinburg Meat Products*, that a Rule 185 denial need not be supported by an affidavit reciting personal knowledge of the affiant. *Dunlop Tire & Rubber Corp. v. Slack*, 276 S.W.2d 400, 401 (Tex.Civ.App.—Fort Worth 1955, no writ); *Tucker v. Neal Oil Corp.* 255 S.W.2d 302, 303 (Tex.Civ.App.—Galveston 1953, no writ). Both of these decisions were completely ignored by the court in *Edinburg Meat Products*, although *Tucker* also involved an affidavit signed by an agent of the party.

Decisions holding that the recital of personal knowledge is not required are also found in cases dealing with the sufficiency of an affidavit controverting a plea of privilege. *See Nunneley v. Weiler*, 244 S.W.2d 707, 709 (Tex.Civ.App.—Fort Worth 1951, no writ).

Cases, such as *King v. United Distributing of Texas, Inc.*, 463 S.W.2d 456, 457 (Tex.Civ.App.—Dallas 1971, no writ), where the affidavit recites that it is made on the basis of information and belief, are, of course, not applicable where, as in the case before us, the affidavit contains no such recital.

Rule 14, which provides that whenever it is proper or necessary for a party in a civil suit to make an affidavit, the affidavit may be made by the party, his agent or his attorney, is not pertinent. The rule merely

described the persons by whom the affidavit may be made. *See* Tex.R.Civ.P. 14. It contains no provisions relating to the contents of the affidavit. The holding by the Supreme Court of Texas in *Doll v. Mundine, supra,* that a recital of personal knowledge is not required unless such recital is required by statute, was made in that case because the applicable statute contained language substantially similar to that found in Rule 14.

In this case plaintiff's petition alleges that: (1) the items described in the verified account were sold and delivered to defendant; (2) plaintiff demanded payment of defendant; (3) defendant refused to pay. The record thus establishes that all transactions were between plaintiff and defendant, a private individual. The affidavit is signed by the defendant, and the record furnishes no basis for speculation concerning the personal knowledge of such affiant. In fact, the record conclusively establishes that the affiant had personal knowledge of the facts. The oath is positive and unambiguous and there can be no doubt that it would support a prosecution for perjury.

Plaintiff next argues that, in any event, the affidavit is fatally defective because defendant has not sworn to anything. This argument is based on the fact that the affidavit recites that defendant stated that all matters and allegations "set out *herein* are true and correct." Plaintiff insists that there are no matters and allegations set out in the affidavit and that, therefore, the affidavit "verifies nothing."

■ Plaintiff's argument assumes that the *affidavit* consists only of the *jurat*. In fact, the jurat is but a part of the affidavit, and is merely evidence of the fact that the affidavit was made before a duly authorized officer. Stated differently, the jurat is merely a certificate by a competent officer that the writing was sworn to by the person who signed it. *Murphy v. State,* 132 Tex. Cr.R. 202, 103 S.W.2d 765, 766 (1937).

■ An affidavit is a statement in writing "of facts signed by the party making it, and sworn to before some officer authorized to administer oaths, and officially certified to by such officer under his seal of office." Tex.Rev.Civ.Stat.Ann. art. 23 (Vernon 1969). The statement of the facts being sworn to is necessarily an essential part of an affidavit. Since the jurat is but part of an affidavit, the word "herein" refers to the entire affidavit, including the statement of facts. The certification or jurat will not be interpreted to mean that affiant swore to something other than the instrument to which the jurat is attached. *See Matagorda Canal Co. v. Markham Irr. Co.,* 154 S.W. 1176 (Tex.Civ.App.—Galveston 1913, no writ).

■ In addition to the Rule 185 denial, defendant's answer contained a statement that the contract on which plaintiff's cause of action is based was not executed by him or by his authority. We do not regard this plea as inconsistent with the Rule 185 denial. It cannot be said that an account based on a forgery is true or just. The presence of such plea does not prevent defendant's verification from being positive and unequivocal. *Cf. Golub v. Nelson,* 441 S.W.2d 220, 221 (Tex.Civ.App.—Houston [14th Dist.] 1969, no writ).

The judgment of the trial court is reversed and the cause is remanded for further proceedings.