Otho D. AYERS, Appellant,

v.

COMMTRON CORPORATION, Appellee.

No. 16296.

Court of Civil Appeals of Texas, San Antonio.

Dec. 12, 1979.

Charles V. Bialkowski, Houston, for appellant.

David Duran, Petry & Petry, Carrizo Springs, for appellee.

OPINION

MURRAY, Justice.

This is an appeal from a summary judgment. Plaintiff, Commtron Corporation, filed suit against defendant, Otho D. Ayers, seeking to recover the sum of $1,932.28, plus interest and attorneys' fees, which it alleges to be the balance due upon an account with the defendant for the sale of various items of merchandise. Plaintiff further alleges in the petition that on or about June 8, 1977, the defendant tendered two checks to the plaintiff in the amount of $1,932.28 for the payment of the account, but that the checks were returned for insufficient funds. In its petition plaintiff also states that the account is still owing. The petition contains an affidavit that meets the requirements of Rule 185, Texas Rules of Civil Procedure.

This case was originally filed by plaintiff in the Count Court at Law of Harris County and transferred to the District Court of Dimmit County on a plea of privilege filed by defendant. Paragraph four of defendant's plea of privilege reads: "[t]hat the

checks attached to Plaintiff's Petition have been paid and that accordingly, the underlying account has been paid in full, and that accordingly each and every item is not just and true and not all credits have been given."

After the case was transferred to Dimmit County, plaintiff filed its motion for summary judgment. No answer was filed in response to plaintiff's motion. At the time of the hearing on the motion for summary judgment the only instrument filed by defendant in this case was the plea of privilege filed in the County Court at Law of Harris County, Texas.

The defendant contends that the trial court erred in rendering summary judgment because the sworn denial in defendant's plea of privilege raised an issue of material fact. We overrule this contention.

■ Assuming without deciding that the allegations contained in defendant's plea of privilege constitute an answer on the merits of this case, we hold that the denial was not within the purview of Rule 185. Rule 185 provides that when a plaintiff, by properly verified pleadings, seeks recovery on an account, the allegations in plaintiff's petition shall be taken as true unless the defendant files a sworn denial "stating that each and every item is not just or true, or that some specified item or items are not just and true . . . ." Tex.R.Civ.P. 185. Since the denial did not challenge any particular item in plaintiff's account, the plea was not effective as a partial denial. Although the answer purported to deny the entire claim it was also ineffective as a denial of the whole account. In order to effectively deny an entire account both the justness and the truth of each item in an account must be denied. *See Edinburg Meat Products Co. v. Vernon Co.*, 535 S.W.2d 432, 436 (Tex.Civ.App.—Corpus Christi 1976, no writ). Defendant's denial that each and every item is not just and true does not unequivocally assert the absence of both justness and truth. *See Hill v. Floating Decks of America, Inc.*, 590 S.W.2d 723 at 725 (Tex.Civ.App.—San Antonio, Oct. 17, 1979).

■ Defendant next complains of the error of the trial court in rendering summary judgment because the account attached to plaintiff's amended petition was illegible and did not state with clarity the nature of the items sold, the dates, nor the reasonable charges for each item. We overrule this contention. Rule 166-A(e) of the Texas Rules of Civil Procedure provides that defects in the form of attachments are not "grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend." Tex.R.Civ.P. 166-A(e); *see Walkoviak v. Hilton Hotels Corp.*, 580 S.W.2d 623, 626–27 (Tex.Civ.App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.) (policy of rule is to give movant an opportunity to correct formal defects prior to decision on summary judgment motion by trial court). The alleged defects in the attachments were matters of form that could have been cured had they been pointed out to the trial court before summary judgment was rendered. *Cf. Life Insurance Co. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 381 (Tex.1978) (improperly authenticated attachment alleged for first time in motion for new trial). Furthermore, the defendant waived his right to complain of the alleged defects in Commtron's pleadings because he did not point out the alleged defects to the trial court in writing. *See, e. g., M. E. Morgan Co. v. Boise Cascade Corp., Building Materials & Service Division*, 583 S.W.2d 436, 437–38 (Tex.Civ.App.—Texarkana 1979, no writ); *Larcon Petroleum, Inc. v. Autotronic Systems, Inc.*, 576 S.W.2d 873, 877 (Tex.Civ.App.—Houston [14th Dist.] 1979, no writ); *Jones v. McSpedden*, 560 S.W.2d 177, 179 (Tex.Civ.App.—Dallas 1977, no writ); Tex.R.Civ.P. 90.

The judgment of the trial court is affirmed.

CADENA, Chief Justice, concurring.

I agree that the trial court's judgment should be affirmed, but I would not base such affirmance on the ground that the sworn denial filed by defendant was a nulli-

ty because, in attempting to challenge the entire account, he used the phrase "not just and true" rather than "not just or true."

In *Zemaco, Inc. v. Navarro*, 580 S.W.2d 616, 619 (Tex.Civ.App.—Tyler 1979, no writ), the court correctly observed that many of the Courts of Civil Appeals require strict adherence to the provisions of Rules 93 and 185, so that "a denial of the verified account must be in the terminology of the rules . . . ."

The majority opinion in this case does not expressly embrace the view that the exact language used in the rules must be followed. Rather, the result here is justified by the conclusion that the requirement that a denial of the entire account state, "each and every item is not just or true" contemplates a denial of both the justness and the truth of the account, and that an assertion that each and every item "is not just and true" does not unequivocally deny both justness and truth.

An entirely different construction of the meaning of "not just or true" and "not just and true" is found in *Oliver Bass Lumber Co., Inc. v. Kay and Herring Butane Gas Company, Inc.*, 524 S.W.2d 600 (Tex.Civ. App.—Tyler 1975, no writ). There the court held that the requirement that a defendant challenging only a portion of the account swear that the specified items are "not just and true" imposes on defendant the burden of denying both justness and truth, and that "not just or true" does not assert the absence of both qualities. We thus have a holding in this case that "not just or true" denies both justness and truth, and a holding in *Oliver Bass* that "not just or true" does not assert the absence of both truth and justness. The basis for the holding in this case is that "not just and true" does not assert the absence of both characteristics, while *Oliver Bass* holds that it does.

If we look only at the language of the rules and assume that "just" and "true" do not mean the same thing, it is clear that the majority opinion in this case is correct and that the *Oliver Bass* conclusion is indefensible.

*Oliver Bass* appears to be the only case in which the court discussed the meaning of "just" and "true." The court correctly pointed out that the two words do not always mean the same thing. This premise, combined with the assertion that it cannot be assumed that the writers of the rules used two words with identical meanings side by side, is used as the basis for the conclusion that the two words were not intended to be synonymous.

The fact that two words do not always mean the same thing does not, standing alone, establish that in a given situation they must be interpreted as meaning different things. Therefore, basic to the conclusion that "just" and "true" are used in the rules with different meanings is the proposition that it cannot be assumed that the draftsmen resorted to redundancy.

Redundancy is one of the characteristics of legal terminology. Members of the legal profession have a propensity for using two or more words where one would be sufficient, apparently on the theory that repetition produces clarity. The phrase "null and void" immediately comes to mind. But a court need not go beyond the language of Rules 93 and 185 to determine that it cannot be assumed that the writers of the rules did not make great efforts to avoid redundancy. Both rules speak of the denial of "each and every item." While "each" and "every" are not always interchangeable, since "each" is sometimes used as a pronoun and "every is always used as an adjective," when they are used as adjectives the two words have the same meaning. "Each item" means the same as "every item."

The conclusion that the two terms are not used as synonyms produces a strange result. Since the rules require that a defendant challenging the entire account assert that each and every item is not just *or* true, while a defendant challenging only specified items of the account must assert that the specified items are not just and true, it must be concluded that one challenging all items must assert that each item lacks both justness and truth; while one questioning only a portion of the account need allege

only that each of the specified items lacks only one of the qualities, since the statement that an item is "not just and true" unequivocally asserts only that such item lacks one of the qualities. Insofar as plaintiff's burden is concerned, a challenge to each and every item as "not just or true" requires the plaintiff to establish only that each of the items possesses one of the qualities, since such a showing refutes the defendant's contention that each item lacks both. In the case of a partial denial, plaintiff must prove that the specific items challenged are both just and true, since only such proof will refute the statement that the specific items "are not just and true." A statement that a shirt is not black *or* white is refuted by showing that it is black or by a showing that it is white, as well as by proof that the shirt is both black and white. A statement that a shirt is not black and white is refuted only by proof that the shirt is black and white.

Perhaps there is an explanation justifying rules which make the breadth of the defendant's denial and the matters to be proved by plaintiff depend on whether the defendant is challenging all items or only some. It is doubtful if such explanation would be a rational one.

If the choice is between attributing redundancy to the draftsmen, and imputing to them an intention to produce incongruous results or senseless distinctions, we should choose the less drastic accusation of redundancy, particularly where the statute or rule being interpreted reveals other instances of redundancy. We can avoid incongruous results and senseless distinctions in suits on sworn accounts simply by treating "just" and "true" as meaning the same thing. This interpretation finds support in the language of Rule 93, which requires verification of a plea asserting that the account "which is the foundation of the plaintiff's action, . . . is not just; and, in such case, the answer shall state that each and every item is not just or true, or that some specified item or items are not just and true." Tex.R.Civ.P. 93. Since both phrases, according to Rule 93, are merely different methods of alleging that the account is "not just," it follows that "not just or true" and "not just and true" mean the same thing.

It should be noted that the present versions of Rules 93 and 185 were promulgated by the Supreme Court at the same time and deal with the same subject matter.

There is, however, a basis for affirming the judgment below without considering the language used by the defendant in his verified denial.

In this case the plea of privilege was the only pleading filed by defendant, and the denial was a part of such plea. The only relief prayed for was the transfer of the cause from Harris to Dimmit County.

The sole issue raised by a plea of privilege is whether defendant is properly suable in the county in which plaintiff has filed his suit. A plea of privilege does not reach the question of plaintiff's right to recover. The fact that defendant's liability is not put in issue by such a plea is demonstrated by the rule that at the hearing on the plea of privilege there is no occasion to consider defendant's possible affirmative defenses to plaintiff's claim, so that the plea of privilege may be properly overruled even in the face of evidence conclusively establishing the existence of an affirmative defense, which would require a judgment that plaintiff take nothing. *See* 1 R. McDonald, Texas Civil Practice § 4.55, at 614–5 (1965 rev.).

It is settled that where, as here, defendant's plea of privilege is sustained and the cause is transferred, judgment nil dicit may properly be rendered in favor of plaintiff in the absence of an answer on the merits. *Spivey v. Sanger-Ragley Lumber Co.*, 284 S.W. 210 (Tex.Comm.App.1926, judgmt adopted); *O'Quinn v. Tate*, 187 S.W.2d 241 (Tex.Civ.App.—Texarkana 1945, writ ref'd). *See generally Frymire Engineering Co., Inc. v. Grantham*, 524 S.W.2d 680, 681 (Tex. 1975).[1]

---

1. The same result should follow irrespective of whether the plea of privilege is sustained or overruled.

Since the filing of a plea of privilege does not put in issue the merits of plaintiff's claim, the court, in the absence of any other pleading, properly rendered judgment in favor of plaintiff, after it had acted on the plea of privilege and defendant filed no other pleading raising a question as to his liability.