**RED TOP PRODUCTS, INC., Appellant,**

v.

**T & R CHEMICALS, INC., Appellee.**

No. 16613.

Court of Civil Appeals of Texas, San Antonio.

May 20, 1981.

William H. Ferguson, San Antonio, for appellant.

Marvin K. Foust, El Paso, for appellee.

## OPINION

KLINGEMAN, Justice.

This is a suit on a sworn account under Rule 185 of the Texas Rules of Civil Procedure. Defendant Red Top Products, Inc., appeals from a summary judgment in favor of T & R Chemicals, Inc. The only question before us is whether the pleadings of defendant are sufficient to put plaintiff on proof of its claim. Defendant's sole point of error is that the trial court erred in granting plaintiff's motion for summary judgment in that there was a genuine issue of material fact.

The petition filed herein by plaintiff contains an affidavit that meets the requirements of Rule 185, Tex.R.Civ.P. Rule 93(k), Tex.R.Civ.P., makes a similar requirement. In response to such petition defendant filed an answer which stated that: (1) certain chemical products were delivered to defendant by plaintiff but they were not "sold" to defendant, in that the chemicals delivered were not that which were ordered by defendant; (2) defendant is entitled to a $2,281.50 offset; (3) defendant received no benefit from the items; (4) defendant has been billed for more than 30 days for the faulty products; (5) plaintiff is not entitled to attorney's fees;[1] and (6) plaintiff is not entitled to a judgment for any money. This answer is sworn to by defendant's attorney.

Defendant contends that the products delivered to it by plaintiff were defective and not the products plaintiff had promised to deliver, and that defendant was entitled to an offset because of losses suffered by it due to delivery of defective products by plaintiff to it.

Rule 185, Tex.R.Civ.P., provides that in a suit on a sworn account, where the plaintiff's petition is supported by an affidavit

> to the effect that such claim is, within the knowledge of affiant, just and true, that it is due, and that all just and lawful offsets, payments and credits have been allowed, the same shall be taken as prima facie evidence thereof, unless the party resisting such claim shall, before an announcement of ready for trial in said cause, file a written denial, under oath, stating that each and every item is not just or true, or that some specified item or items are not just and true; .... When the opposite party fails to file such affidavit, he shall not be permitted to deny the claim, or any item therein, as the case may be.

It has been stated that Rule 185 as amended must be strictly followed; that the failure to file such an answer is fatal; and that the courts are extremely exacting in the nature of the language used in sworn denials of verified accounts. *See Goodman v. Art Reproductions, Inc.*, 502 S.W.2d 592 (Tex.Civ.App.—Dallas 1973, writ ref'd n. r. e.). Despite this language, Texas courts have had some difficulties with the question of what is sufficient compliance with Rule 185. There are numerous cases providing for strict compliance. *Zemaco, Inc. v. Na-*

---

1. Defendant does not complain on this appeal of the award of attorney's fees and the question of attorney's fees is not before us.

varro, 580 S.W.2d 616 (Tex.Civ.App.—Tyler 1979, writ dism'd); *Edinburg Meat Products Co. v. Vernon Co.,* 535 S.W.2d 432 (Tex.Civ.App.—Corpus Christi 1976, no writ); *Jeffrey v. Larry Plotnick Co.,* 532 S.W.2d 99 (Tex.Civ.App.—Dallas 1975, no writ); *Boysen v. Security Lumber Co.,* 531 S.W.2d 454 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ); *Solar v. Petersson,* 481 S.W.2d 212 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ).

Other Texas cases, on the other hand, have given the statute a more liberal construction, allowing some variation on the exact wording of the statute. *See Rizk v. Financial Guardian Insurance Agency, Inc.,* 584 S.W.2d 860 (Tex.1979); *Gipson v. Southwest Oil Co.,* 604 S.W.2d 396 (Tex.Civ.App.—Tyler 1980, no writ); *Hill v. Floating Decks of America, Inc.,* 590 S.W.2d 723 (Tex.Civ.App.—San Antonio 1979, no writ); *Cal-Tex Beef Processors, Inc. v. Frozen Food Express, Inc.,* 530 S.W.2d 143 (Tex. Civ.App.—Waco 1975, writ ref'd n. r. e.). All the last above cited cases differ in material respects from the case before us and are distinguishable.

In *Rizk v. Financial Guardian Insurance Agency, Inc., supra,* defendant's answer unequivocally stated: "[e]ach and every item in Plaintiff's account attached to the Original Petition as Exhibit "A" is not just or true in whole or in part." In *Gipson v. Southwest Oil Co., supra,* defendant's answer stated: "*each and every item in Plaintiff's petition which is the foundation of Plaintiff's action and appended to Plaintiff's original petition as Exhibit A is not just and true.*" In *Hill v. Floating Decks of America, Inc., supra,* defendant's answer stated: "[d]efendant would show the Court that each and every item *in Plaintiff's petition which is the foundation of plaintiff's action* is not just or true." In *Cal-Tex Beef Processors, Inc. v. Frozen Food Express, Inc., supra,* defendant's answer stated: "[t]he claim alleged in Plaintiff's petition which is the foundation of Plaintiff's action is *wholly not just or true.*"

In the case before us defendant made no attempt to even substantially comply with the rule. Nowhere in such pleadings does defendant deny under oath that each and every item in plaintiff's petition is not just or true, or that some specific item is not just and true.[2]

The judgment of the trial court is affirmed.

---

**2.** Defendant cites no cases in his brief that touch on Rule 185.